**JOSEPH S. FISCHBACH (SBN 70830)**
Fischbach & Fischbach, ALC
8665 Wilshire Blvd. Suite 400C
Beverly Hills, California 90211
Telephone: (310) 278-4015
Facsimile: (310) 278-2894
Email: jsf2@fischbachlaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERAMA CORPORATION, INC. A NEVADA CORPORATION QUALIFIED AND DOING BUSINESS IN CALIFORNIA AS U.S.A. SUMO, <br><br> Plaintiff, <br><br> vs. <br><br> TOKYO BROADCASTING SYSTEM, INC., AND DOES 1–100, INCLUSIVE, <br><br> Defendants. | Case No. : <br><br> COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT <br> 2. INDIRECT COPYRIGHT; INFRINGEMENT; <br> 3. UNJUST ENRICHMENT; <br> 4. CONVERSION. <br><br> DEMAND FOR JURY TRIAL |

-1-

COMPLAINT

COMES NOW Plaintiff Superama Corporation, Inc., a Nevada corporation qualified to do business in California and doing business as U.S.A. SUMO, and complains and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff USA Sumo brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's audiovisual and photographic works of their sumo events (the "Copyrighted Work").

2. Plaintiff is a sports and events coordination organization dedicated to facilitating the growth of the sport of sumo in the United States.

3. Plaintiff is informed and believes and thereupon alleges that at all times material herein, each Defendant was the agent, servant, or employee of each remaining Defendant and in doing the things hereinafter alleged was acting in the course and scope of said agency, service, or employment.

4. At all times before May 12, 2018, Plaintiff maintained a copyrighted video and photo library of USA Sumo events. The copyrighted material prominently displayed the fact of the intellectual protection. The material was available of both the website of USA Sumo and its Youtube channel, but no one was invited to download any copyrighted material. Prior to May of 2018, Plaintiff had issued limited licenses for very small snippets of its copyrighted product. This action arises from the unauthorized download by Defendant of a materially large amount of copyrighted video and a copyrighted photograph.

5. On May 12, 2018, Plaintiff held the 2018 US Sumo Open which allowed for the creation of the Copyrighted Work. Videos and photographs of the US Sumo Open were created at the direction of USA Sumo. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Work. Since creation of the Copyrighted Work, Plaintiff has published, distributed, advertised, publicly displayed, and sold copies of the Copyrighted Works

embodying, displaying, and consisting of the Copyrighted Work in the United States by online and in person sales of the Copyrighted Work.

6. Plaintiff owns a federal registration for the Copyrighted Work, per submission on February 13, 2019.

7. All of the claims asserted herein arise out of and are based on Defendant's copying, reproduction, and distribution, of television shows that is copied from USA Sumo.

8. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

9. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

10. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11. Jurisdiction is further proper under 28 U.S.C. §1332(a) because the instant matter involves a dispute between a California corporation and a foreign corporation. The amount in controversy exceeds $75,000.00.

12. Venue is proper in the Central District of California pursuant to 28 U.S.C § 1391 because pursuant to 28 U.S.C. § 1392(b)(2), events giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

13. Plaintiff Superama, Inc. is a corporation organized, formed in Nevada, United States. Superama is qualified and doing business in California as "U.S.A. Sumo." Plaintiff has been engaged in the business of promoting the sport of sumo in the United States for 20 years plus, and has developed not only

a reputation for quality and consistency, but also a significant copyrighted video library. Additionally and without consent or approval, Defendant also downloaded a photograph which was copyrighted by USA Sumo and the photographer.

14. Plaintiff is informed and believes and based thereon alleges that Defendant Tokyo Broadcasting Television, Inc. ("TBS") is, and at all times herein mentioned a corporation formed under the laws of Tokyo, Japan.

15. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named Defendant is responsible for the occurrences herein alleged in some manner, which proximately caused Plaintiffs' injuries.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  Background**

16. USA Sumo was established in 1998 and is dedicated to teaching sumo techniques and tradition to men and women of all sizes, ages, and backgrounds, training world class sumo athletes who compete internationally, educating the public about traditional Japanese sumo, and about international amateur sumo, promoting the sport of sumo through demonstrations, tournaments, and other events, and, supporting international efforts to make sumo an Olympic sport.

17. USA Sumo's hallmark competition is the US Sumo Open which is the largest annual sumo tournament in the world outside of Japan.

18. USA Sumo has held the US Sumo Open since 2001. Over the course of 19 annual US Sumo Open competitions 721 elite sumo wrestlers have competed in 2,074 sumo matches.

**B.  The Copyrighted Work**

19. USA Sumo held the 18th annual US Sumo Open on May 12, 2018 in Long Beach California.

20. The 2018 US Sumo Open was not televised.

21. Under the instruction of USA Sumo, videographers and photographers created video and photographic works depicting the events of the 2018 US Sumo Open.

### C. Copyright Infringement

22. On or about January 17, 2019, Defendant inquired of the Plaintiff as to potentially licensing some of Plaintiff's copyrighted sumo footage for rebroadcast throughout the country of Japan on Television. Plaintiff has been diligent in protecting its copyright and rarely if ever, licenses products for Japanese broadcast. USA Sumo has routinely rejected Japanese requests for large segment licenses, and only occasionally had licensed footage to Japanese media, generally in small segments of approximately 15 to 20 seconds. USA Sumo always dictated which footage was allowed to be used (including specific matches), and never released large segments of footage, to be freely used by the licensor.

23. In point of fact, TBS was provided with a licensing fee which detailed the costs for reproducing a highly limited portion of Plaintiff's copyrighted work.

24. TBS did not respond to the licensing fee quote.

25. Instead, on January 26, 2019, it became apparent that TBS had downloaded the entire footage of "2018 US Sumo Open – Best Matches with Commentary," without knowledge consent or permission, from Youtube and then, edited it down and produced a 125 second "segment" which it then rebroadcasted throughout the country of Japan on its prime-time, highly-rated weekly television program, Shin-Jyoho 7-days Newscaster. Defendant did not include any copyright or credit to USA Sumo during the broadcast.  Defendant also materially altered the Copyrighted Work, without permission, with Japanese titles and text.  Defendant further presented extensive misinformation about USA Sumo and about the US Sumo Open, during the nationwide TV

1 broadcast in Japan.

2  26. Plaintiff is informed and believes and thereupon alleges that the program may have been seen outside of the country of Japan as well. Such broadcast and re-broadcast was not authorized by and no payments were made to Plaintiff.

## FIRST CLAIM FOR RELIEF

### DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 501, ET SEQ.
### (AGAINST ALL DEFENDANTS)

27. Plaintiffs repeat, replead, and reallege each and every allegation contained in Paragraphs 1 through 26 above as though set forth fully at length herein.

28. Plaintiff is the owner of all right, title and interest in the materials, and is memorialized in a video format maintained on Plaintiff's Youtube channel and website. In addition to the video referenced herein, Defendants also misappropriated a photograph from the 2018 US Sumo Open, which was copyrighted by Dustin Snipes and USA Sumo in 2018. (collectively "The Copyrighted Work").

29. The Copyrighted Work is all original work of authorship, fixed in tangible medium, created by Plaintiffs, or their employees or assignors.

30. Without right, license, or authority, Defendants copied, reproduced, and republished Plaintiff's Copyrighted Work.

31. The infringement of USA Sumo's rights in each audiovisual work constitutes a separate and distinct act of infringement which has proximately caused damages in an amount that is presently unascertained but which Plaintiff believes far exceeds $75,000. By way of example, Plaintiff believes that a license fee should be added on, based on a per viewer basis, according to proof, because the program was viewed by approximately 20 million people.

32. The infringement of USA Sumo's rights in each photographic work

constitutes a separate and distinct act of infringement. The infringement of USA Sumo's rights in each photographic work constitutes a separate and distinct act of infringement which has proximately caused damages in an amount that is presently unascertained. Plaintiff believes far exceeds $75,000.

33. The infringement by TBS was willful, intentional and purposeful, in disregard of and with indifference to the rights of USA Sumo. The actions by Defendants were repetitive, knowing, and intentional in nature. Such intentional misappropriation for economic gain justifies the imposition of punitive and exemplary damages in such sum the trier of fact may deem appropriate.

34. Defendants' conduct constitutes copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.

## SECOND CLAIM FOR RELIEF

## INDUCEMENT AND CONTRIBUTORY INFRINGEMENT

## (AGAINST ALL DEFENDANTS)

35. Plaintiff repeats, repleads, and realleges each and every allegation contained in Paragraphs 1 through 34 above as though set forth fully at length herein.

36. Defendant induced, caused, and/or materially contributed to unauthorized distribution of USA Sumo by the other individuals and/or corporations. Inducement occurred when Defendant publicly broadcasted, over television, to 20 million people. Due to the televised airing of Plaintiff's copyrighted work, many other infringements occurred

37. Defendant's conduct constitutes contributory infringement of USA Sumo content.

38. Defendant's acts were repetitive, deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to USA Sumo's rights. The actions by Defendants were knowing, and intentional in nature.

-7-

**COMPLAINT**

Such intentional misappropriation for economic gain justifies the imposition of punitive and exemplary damages in such sum the trier of fact may deem appropriate.

39. As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, USA Sumo has sustained damages.

## THIRD CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

40. Plaintiffs repeats, repleads, and realleges each and every allegation contained in Paragraphs 1 through 39 above as though set forth fully at length herein.

41. Plaintiff is informed and believes and based thereupon alleges that Defendants received income and other compensation as a direct result of their copyright violations. TBS is therefore improperly retaining profits obtained by a copyright violation.

42. Considerations of justice and good conscience preclude allowing Defendant to retain and continue to generate any profits received from the behavior complained of.

43. As a result of the foregoing, Plaintiffs suffered, and continue to suffer damages.

44. Such intentional misappropriation for economic gain justifies the imposition of punitive and exemplary damages in such sum as the trier of fact may deem appropriate.

## FOURTH CLAIM FOR RELIEF
## CONVERSION
## (AGAINST ALL DEFENDANTS)

45. Plaintiffs repeats, repleads, and realleges each and every allegation contained in Paragraphs 1 through 34 above as though set forth fully at length

herein.

46.  Plaintiff has been engaged in the business of promoting the sport of sumo in the United States for 20 years plus, and has developed not only a reputation for quality and consistency, but also a significant copyrighted video library. Plaintiff has been diligent in protecting its copyright and rarely if ever, licenses products for Japanese broadcast. USA Sumo has routinely rejected Japanese requests for large segment licenses, and only occasionally had licensed small segments of approximately 15 to 20 seconds. This policy was explained to Defendant and yet, Defendant downloaded the entire work without permission. Additionally and without consent or approval, Defendant also downloaded a photograph which was copyrighted by USA Sumo and the photographer.

47.  The wrongful acts of the Defendant in converting Plaintiff's property and exercising dominion and control over such protected property, constitutes a willful and intentional conversion of Plaintiff's valuable property which has proximately caused damages according to proof.

48.  Such intentional misappropriation for economic gain justifies the imposition of punitive and exemplary damages in such sum as the trier of fact may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1.  For an Order that Defendant violated Sections 501 of the Copyright Act (17 U.S.C. § 501).

2.  Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise,

from:

    2.1.    Manufacturing, distributing, marketing, advertising promoting, displaying, performing or selling or authorizing any third party to manufacture distribute, market, advertise, promote, display, perform, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

    2.2.    Reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

    2.3.    Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (2.1) or (2.2).

3.    That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from advertising sales from the publication of the television show Shin-Jyoho 7-days Newscaster which displayed the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4.    That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining [copies/inventory] of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

5.    That Defendant, at its own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendant's behalf, and any products,

**COMPLAINT**

1 works or other materials that include, copy, are derived from, or otherwise
2 embody the Infringing Work or the Copyrighted Work, and that Defendant be
3 ordered to destroy or deliver up for destruction all materials returned to it.

4     6.    Awarding Plaintiff:

5       6.1.   Defendant's profits obtained as a result of Defendant's
6 infringing conduct, including but not limited to all profits from sales and other
7 exploitation of the Infringing Work and any products, works, or other
8 materials that include, copy, are derived from, or otherwise embody the
9 Infringing Work or the Copyrighted Work, or in the Court's discretion, such
10 amount as the Court finds to be just and proper;

11       6.2.   For general damages and compensatory damages sustained
12 by Plaintiff as a result of Defendant's infringing conduct, as just compensation
13 for the wrongful use, including but not limited to a per viewer license fee based
14 on viewing numbers of approximately 20 million, in an amount to be proven
15 at trial;

16     7.    For an Order awarding Plaintiff interest, including pre-judgment
17 and post-judgment interest, on the foregoing sums.

18     8.    For such other and further relief as the Court deems just and
19 proper.

20 **DATED: April 19, 2019**       **FISCHBACH & FISCHBACH**
                                    **A LAW CORPORATION**

22                                  **By:** */s/ Joseph S. Fischbach*
23                                      **JOSEPH S. FISCHBACH**
                                        **Attorneys for Plaintiffs**

-11-
**COMPLAINT**

Fischbach & Fischbach, A Law Corporation
8665 Wilshire Blvd. Suite 400C
Beverly Hills, California 90211

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on each of their claims for relief that are triable before a jury.

DATED: April 19, 2019           FISCHBACH & FISCHBACH
                                A LAW CORPORATION


                                By: */s/ Joseph S. Fischbach*
                                    JOSEPH S. FISCHBACH
                                    **Attorneys for Plaintiffs**

**COMPLAINT**