JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-3059-MWF (JCx)           **Date:**  August 20, 2019
Title:   Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: MOTION TO DISMISS [23]

Before the Court is Defendant Tokyo Broadcasting System Television, Inc.'s Motion to Dismiss (the "Motion"), filed on July 15, 2019.  (Docket No. 23).  Plaintiff Superama Corporation, Inc. dba USA Sumo filed an Opposition on July 19, 2019.  (Docket No. 25).  Defendant filed a Reply on July 29, 2019.  (Docket No. 26).

The Court has read and considered the papers on the Motion, and held a hearing on August 12, 2019.

For the reasons set forth below, the Motion is **GRANTED**.  Plaintiff fails to establish that the Court has subject matter jurisdiction over the action.

## I.   BACKGROUND

The Complaint alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff USA Sumo is a sports and events coordination organization dedicated to facilitating the growth of the sport of sumo in the United States.  (Complaint ("Compl.") ¶ 2 (Docket No. 1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-3059-MWF (JCx)          **Date:** August 20, 2019
**Title:**     Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

     On May 12, 2018, Plaintiff held its hallmark competition, the US Sumo Open, in Long Beach, California, which resulted in the creation of videos and photographs of the event at the direction of USA Sumo (the "Copyrighted Work"). (*Id.* ¶¶ 5, 17, 19). Since the creation of the Copyrighted Work, Plaintiff has published, distributed, advertised, publicly displayed, and sold copies of the Copyrighted Work in the United States. (*Id.* ¶ 5). Plaintiff owns a federal registration of the Copyrighted Work per submission on February 13, 2019. (*Id.* ¶ 6). The material was available for viewing on USA Sumo's website and on its Youtube channel, but not for download. (*Id.* ¶ 4).

     On January 17, 2019, Defendant inquired with Plaintiff as to potentially licensing some of the Copyrighted Work for rebroadcast on television throughout Japan. (*Id.* ¶ 22). Plaintiff provided Defendant with a licensing fee quote, which detailed the costs for reproducing a highly limited portion of the Copyrighted Work, but Defendant did not respond to the quote. (*Id.* ¶¶ 23-24). Instead, on January 26, 2019, "it became apparent that [Defendant] had downloaded the entire footage of '2018 US Sumo Open – Best Matches with Commentary,' without knowledge consent or permission, from Youtube and then, edited it down and produced a 125 second 'segment' which it then rebroadcasted throughout [Japan] . . . ." (*Id.* ¶ 25). Defendant also materially altered the Copyrighted Work, without permission, with Japanese titles and text. (*Id.*). Plaintiff is also "informed and believes and thereupon alleges that the program may have been seen outside of the country of Japan as well." (*Id.* ¶ 26). The broadcast was not authorized by and no payments were made to Plaintiff. (*Id.*).

     Plaintiff commenced this action on April 19, 2019, asserting four claims for relief: (1) direct copyright infringement, 17 U.S.C. §§ 501, *et seq.*; (2) inducement and contributory infringement; (3) unjust enrichment; and (4) conversion. (*Id.* ¶¶ 27-48). After stipulation by the parties, Plaintiff's Third and Fourth Claims for Relief were dismissed with prejudice. (Docket No. 19).

## II. DISCUSSION

     "Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-3059-MWF (JCx)          **Date:** August 20, 2019
Title:     Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* But "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In that case, facts tending to prove or disprove jurisdiction "are not afforded presumptive truthfulness." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014)

     As a preliminary matter, Plaintiff argues that Defendant improperly relies on an attorney declaration in support of the Motion, which Plaintiff argues impermissibly goes beyond the four corners of the pleadings. (Opp. at 1-2). However, the Court does not rely on the declarations submitted in support of the Motion. The Court would reach the same rulings regardless of whether it considered them.

     Plaintiff also argues that the Motion should be dismissed for failure to meet and confer in good faith because Defendant failed to rebut Plaintiff's citation to *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-280-PHX-LOA, 2011 WL 7430062 (D. Ariz. Dec. 28, 2011). (*See* Opp. at 3). Plaintiff argues that "Defendant ignored everything the Plaintiff said concerning the unlawful download from U.S. based servers and ignores Ninth Circuit reasoning which supports the exception to the rule of extraterritoriality thereby, making the meet and confer process illusory and meaningless." (*Id.* at 5).

     Plaintiff misunderstands the purpose of the meet and confer requirement. "The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the court's, and the taxpayers' limited time, money, and resources." *Aniel v. GMAC Mortg., LLC*, No. C 12-04201 SBA, 2013 WL 2467929, at *1 (N.D. Cal. June 7, 2013) (quoting *Wong v. Astrue*, No. C 08-02432 SBA, 2008 WL 4167507, at *2 (N.D. Cal. Sept. 8, 2008)). The Court does not expect the parties to be able to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-3059-MWF (JCx)                    Date:  August 20, 2019**
**Title:      Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.**

resolve every issue during a meet and confer session such that a motion is no longer necessary.  Accordingly, Plaintiff's argument is not well taken.

Defendant argues that Plaintiff's copyright infringement claims must be dismissed for lack of subject matter jurisdiction because "all of the alleged infringing activity took place entirely in Japan."  (Mot. at 4).  Defendant explains that "[t]he footage at issue was placed on a computer in Japan and broadcast through [Defendant's] network in Japan, to people in Japan."  (*Id.*).  Therefore, Defendant argues, "none of the alleged acts of infringement are subject to United States copyright law."  (*Id.*).

The Ninth Circuit has long recognized that "the United States copyright laws do not reach acts of infringement that take place entirely abroad."  *Subafilms, Ltd. v. Mgm-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994); *see Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 954 (9th Cir. 2008) (confirming *Subafilms'* holding that copyright infringement in foreign distribution of films is not actionable in the United States).

Plaintiff argues in its Opposition that the Court has subject matter jurisdiction over the matter because the first infringement "occurs when the bad actor downloads material from the copyright holder's website."  (Opp. at 12).  Plaintiff argues that "[t]he key factor is the location of the server," which in this case was in California.  (*Id.* at 13).  Therefore, Plaintiff contends, "the infringement took place initially in the United States by the illegal downloading of copyrighted work."  (*Id.*).

However, Plaintiff's reliance on *Liberty* for its argument is misplaced.  Plaintiff cites *Liberty* for the proposition that there is an "exception to the territoriality rule for 'targeting' U.S. based servers/websites."  (*Id.* at 2).  In *Liberty*, however, the district court held that defendants' act of downloading plaintiff's videos "from Plaintiff's web server in Tampa, Florida for display, distribution, and copying by Internet users ***in the United States*** and the rest of the world[,] constitute acts of infringement that are not wholly extraterritorial to the United States."  *Liberty Media Holdings, LLC*, 2011 WL 7430062, at *5 (emphasis added).  Furthermore, in finding that U.S. copyright law

---

**CIVIL MINUTES—GENERAL                                                          4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-3059-MWF (JCx)                    **Date:**  August 20, 2019
**Title:**      Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

applied, the district court relied on other cases involving allegations that defendants distributed the alleged infringing material *in the United States*. *Id.* (citing, *inter alia*, *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1145 (N.D. Cal. 2011) ("The Court finds that in this case, the alleged act of direct copyright infringement – uploading a video from Canada to YouTube's servers in California for display within the United States – constitutes an act of infringement that is not 'wholly extraterritorial' to the United States.")).

The Court views *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95 (D.D.C. 2018) as persuasive authority. There, the district court determined that it is "not enough to allege domestic infringement" where plaintiff "[did] not allege that Defendants downloaded the images at issue *to* computers located in the United States, merely that the pictures were downloaded *from* U.S. servers." *Id.* at 120 (emphasis in original). The district court reasoned that a reproduction occurs "where the unlawful 'copy' is made," and that a "copy" is made "where the receiving computer assembles the transmitted information into a complete image that can be 'perceived.'" *Id.* In distinguishing *Liberty*, the district court observed that *Liberty* involved a set of facts "in which foreign defendants were alleged to have distributed infringing works into the United States, where they were downloaded." *Id.* (emphasis added).

At the hearing, Plaintiff cited *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) for the proposition that "uploading and downloading copyrighted material are infringing acts." Therefore, Plaintiff argued, because Defendant "downloaded" the material from servers based in California, the "download" occurred in California for purposes of copyright infringement. The issue, then, comes down to where a "download" occurs. As explained above, the Court views the district court's consideration of this issue in *IMAPizza, LLC* as persuasive authority. Because the allegation here is that the material was downloaded from U.S. servers to computers in Japan, the Court determines, similar to the district court in *IMAPizza, LLC*, that this is insufficient to allege domestic infringement of the reproduction right under 17 U.S.C. § 106(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-3059-MWF (JCx)          **Date:** August 20, 2019
**Title:** Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

In light of the foregoing authority, the Court determines that Plaintiff fails to meet its burden of proving that the case is properly in federal court. Therefore, the Court need not address Defendant's additional forum non conveniens argument.

Accordingly, the Motion is **GRANTED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.